UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CARLOS JIMENEZ, | X | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | Civil Action #17-cv-6188 |
| | : | |
| BRACCO'S CLAM & OYSTER BAR, INC. | : | |
| d/b/a BRACCO'S CLAM & OYSTER BAR, | : | |
| CBSD, INC. d/b/a CAPTAIN BEN'S FISH | : | |
| DOCK, MICHAEL BRACCO, JONATHAN | : | |
| BRACCO, ROBERT BRACCO, and | : | |
| GERARD BRACCO, | : | |
| | : | **ANSWER, AFFIRMATIVE DEFENSES** |
| Defendants. | X | **AND COUNTERCLAIM** |

Defendant, Bracco's Clam & Oyster Bar Inc. d/b/a/ Bracco's Clam & Oyster Bar, CBSD,

Inc. d/b/a Captain Ben's Fish Dock, Michael Bracco, Jonathan Bracco, Robert Bracco and Gerard

Bracco (hereinafter "Defendants"), by and through their attorney of record, Horowitz Law Group,

LLC, for an Answer, respectfully state as follows:

## INTRODUCTION

1.     Defendants deny the allegations contained in paragraph 1 of the Complaint.

2.     Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.     Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.     Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.     Defendants deny the allegations contained in paragraph 5 of the Complaint.

## JURISIDCTION AND VENUE

6.     Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.     Defendants admit that the Eastern District of New York is the proper Venue for this

matter, but deny the remaining allegations contained in paragraph 7 of the Complaint.

1

## PARTIES

8.      Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.      Defendants admit the allegations of paragraph 9 of the Complaint.

10.     Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.     Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny that Gerard Bracco was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d) and New York Labor Law §190(3), but admit the remaining allegations contained in paragraph 12 of the Complaint.

13.     Defendants deny that Gerard Bracco was a shareholder and owner of Defendants Bracco's Clam & Oyster Bar, Inc. and CBSD, Inc., but admit the remaining allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny that Gerard Bracco has authority over personnel and payroll decisions for Defendants Bracco's Clam & Oyster Bar, Inc. and CBSD, Inc., but admit the remaining allegations contained in paragraph 14 of the Complaint.

15.     Defendants admit the allegations contained in paragraph 15 of the Complaint.

16.     Defendants admit the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants admit the allegations contained in paragraph 18 of the Complaint.

## FACTUAL ALLEGATIONS

19.     Defendants deny that the job duties of Plaintiff are all inclusive, but admit the remaining allegations contained in paragraph 19 of the Complaint.

2

20.     Defendants admit the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants admit that Plaintiff would travel to the Bronx once per week to pick up fresh fish and produce, but deny the remaining allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants admit that Plaintiff was paid $10.00 per hour, but deny the remaining allegations contained in paragraph 26 of the Complaint.

27.     Defendants admit that Plaintiff's wages were raised to $12.00 per hour, but deny the remaining allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants admit that Plaintiff was paid by check, but deny the remaining allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny knowledge and information sufficient enough to form a belief as to the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime in Violation of the FLSA**

44.     Defendants repeat and reallege each and every answer in the preceding paragraphs as if set forth fully herein.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime in Violation of New York Labor Law**

49.     Defendants repeat and reallege each and every answer in the preceding paragraphs as if set forth fully herein.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

**THIRD CAUSE OF ACTION**
**Failure to Pay Spread of Hours Pay in Violation of New York Labor Law**

53.     Defendants repeat and reallege each and every answer in the preceding paragraphs as if set forth fully herein.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Notice of Pay Rate in Violation of New York Labor Law §195**

56.     Defendants repeat and reallege each and every answer in the preceding paragraphs as if set forth fully herein.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

**FIFTH CAUSE OF ACTION**
**For Failure to Provide 24 Hours of Consecutive Rest in a Single Workweek in Violation of New York Labor Law §161**

59.     Defendants repeat and reallege each and every answer in the preceding paragraphs as if set forth fully herein.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

**SIXTH CAUSE OF ACTION**
**Conversion**

63.     Defendants repeat and reallege each and every answer in the preceding paragraphs as if set forth fully herein.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

**SEVENTH CAUSE OF ACTION**
**Fraud**

69.     Defendants repeat and reallege each and every answer in the preceding paragraphs as if set forth fully herein.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

**EIGHTH CAUSE OF ACTION**
**Breach of Fiduciary Duty**

75.     Defendants repeat and reallege each and every answer in the preceding paragraphs as if set forth fully herein.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

**NINTH CAUSE OF ACTION**
**Unjust Enrichment**

80.     Defendants repeat and reallege each and every answer in the preceding paragraphs as if set forth fully herein.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery for failure to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is collaterally estopped from asserting his claim.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed on the grounds of release and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily resigned his employment with the Defendants, and/or would have been terminated for cause.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve their rights to apply for the imposition of sanctions against Plaintiff, and to make an applicable for counsel fees and costs of suit on the basis that the Complaint is without merit, is frivolous and has been instituted by Plaintiff in bad faith with the intent to harass Defendants and to cause Defendants to incur great expenses in defense of same.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their answer and to assert additional defenses and/or supplement, alter or change this answer upon the revelation of more definite facts during and/or upon the completion of further discovery and investigation.

**NINTH AFFIRMATIVE DEFENSE**

Defendants allege that the Complaint, and each and every alleged cause of action therein are barred, in whole or in part, because Plaintiff consented to the released and/or ratified the conduct about which they now complain, as Plaintiff was an undocumented alien in this country, and therefore benefited from Defendant's conduct.

**TENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff has not suffered any losses and Defendant has not been unjustly enriched as a result of any action or inaction by Defendants or its agents.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that the claims for additional compensation of any type fail as Plaintiff is exempt from the New York and Federal overtime laws.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff has been paid and/or received all wages due to them by virtue of their employment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that all or portions of the claims set forth in the Complaint are barred by the application Statute of Limitations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff was treated fairly, and in good faith, and that all actions taken with regard to them were taken for lawful business reasons and in good faith.

**FIFTEENTH AFFIRMATIVE DEFNSE**

Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendant alleges that any

8

violation of the New York and/or Federal Law was an act or omission made in good faith, and that in any participation in such acts, Defendants had reasonable grounds for believing that the act or omission was not a violation of the New York and/or Federal Law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants allege that assuming, *arguendo*, that Plaintiff is entitled to additional compensation, Defendants have not willfully or intentionally failed to pay any such additional compensation to Plaintiffs or the putative class members, to justify any awards of penalties or fees.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants allege that the Complaint and each cause of action set forth therein are barred because Plaintiff failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to them prior to commencing this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff is barred from obtaining relief pursuant to their cause of action for violation of New York and/or Federal Law because such laws do not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff lack standing to bring their claims as to all or a portion of the claims alleged in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that, to the extent that Plaintiff claims penalties, such claims must comport with the due process requirements of <u>*State Farm v. Campbell*</u>, 538 U.S. 408 (2003) and subsequent case law regarding the same issue.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that the Complaint fails to properly state a claim for attorney's fees.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by virtue of the Doctrine of Laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred by the Doctrine of Waiver.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff did not work the hours/days/weeks/years as alleged, and all worked less then forty (40) hours per week.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot show that Defendant's actions were intended to deceive them.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot show any of the Defendants issued any misleading statements to any existing fact.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is *pari delicto* with Defendants.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is guilty of "unclean hands," and he seeks to recover time that is *de minimis* work time.

### COUNTERCLAIM

Defendants, Bracco's Clam & Oyster Bar, Inc. d/b/a Bracco's Clam & Oyster Bar, CBSD, Inc. d/b/a Captain Ben's Fish Dock, Michael Bracco, Jonathan Bracco, and Robert Bracco

(hereinafter referred to as "Defendants/Counterclaim Plaintiffs"), by way of a Counterclaim against Plaintiff, states as follows:

## THE PARTIES

1. At all times relevant to the Complaint, Defendants/Counterclaim Plaintiffs (including the corporate Defendants and Individual Defendants who are principals of said corporation), conducted business and resided within the State of New York, as stated in Plaintiff's Complaint at paragraphs 10, 11, and 13.

2. At all times relevant to the Complaint, Plaintiff/Counterclaim Defendant was a resident of the State of New York as per paragraphs 8 and 9 of the Complaint.

## JURISDICTION

3. By the filing of Plaintiff's Complaint in this matter, Plaintiff/Counterclaim Defendant has submitted to personal jurisdiction.

4. Moreover, in that the instant Counterclaim arises from the same transactions and/or occurrences that gave rise to the Plaintiff/Counterclaim Defendant's Complaint, this Counterclaim is "compulsory" in nature as the facts are closely related to the claims already raised by Plaintiff/Counterclaim Defendant and can be adjudicated in the same action without creating confusion for a tryer of fact or undue prejudice to the Plaintiff/Counterclaim Defendant.

5. Venue is proper in this District because this is the jurisdiction where Plaintiff/Counterclaim Defendant resides and/or conducts business.

## FACTUAL ALLEGATIONS

6. At all material times to this Complaint, Plaintiff/Counterclaim Defendant worked as a kitchen aide for Defendant Bracco's and CBSD, whose date of hire was approximately spring of 2008.

11

7.      In approximately the spring of 2014 (late May) Plaintiff/Counterclaim Defendant only worked at the location of Defendants approximately two (2) days per week exclusively.

8.      On or about this same time period, Plaintiff/Counterclaim Defendant was also assigned the duty of picking up fish from the Bronx (Fulton Fish Market).

9.      In performing the pickup/delivery of fish, Plaintiff/Counterclaim Defendant was instructed to leave his house at some point after midnight, early Wednesday morning, to pick up the fresh fish and deliver same back to the Defendant's restaurant/seafood store that same morning.

10.     The round trip of Plaintiff/Counterclaim Defendant would usually take only four (4) to five (5) hours that Wednesday morning.  Plaintiff/Counterclaim Defendant was only to drive to the market, pick up the order which was placed by Defendants/Counterclaim Plaintiffs (usually the evening before by Defendant/Counterclaim Plaintiff Jonathan or Michael Bracco), and drive the fish back to the restaurant/store of Defendants/Counterclaim Plaintiffs.  Plaintiff/Counterclaim Defendant would thereafter be finished for the remainder of Wednesday and completely relieved of all duties once the fish had been delivered to the restaurant/store.

11.     On or about July of 2017, Defendant/Counterclaim Plaintiff, Jonathan Bracco was reviewing a bill from Crown Seafood located in the Bronx/Fulton Fish Market (where Plaintiff/Counterclaim Defendant picked up the fish), and discovered that the bill was for approximately $15,000.00 when only $6,500.00 worth of product had been ordered the day before.

12.     The invoice from Crown Seafood is itemized by weights and the price of each item.

13.     Defendant/Counterclaim Plaintiffs then contacted Crown Seafood, and spoke with one of the owners, Ricky (last name unknown).   Ricky at that time indicated that the driver on behalf of Bracco's (who was Plaintiff/Counterclaim Defendant exclusively since approximately 2014) would routinely double the order placed by the Bracco's upon his arrival at Crown Seafood.

12

14.     Defendants/Counterclaim Plaintiffs at that point began to review of all their orders placed that summer with Crown and any other vendor that Plaintiff/Counterclaim Defendant had made a pickup/delivery on behalf of the restaurant/store.  Each order was systematically a double of the original order which was placed the night before by one of the Bracco representatives.

15.     On or about July 27, 2017, Plaintiff/Counterclaim Defendant was confronted by Manager Mike Masone around mid-morning at Defendants/Counterclaim Plaintiff's establishment.

16.     While Plaintiff/Counterclaim Defendant denied doubling the orders, he did at some point go to the home of Michael Bracco, and attempted to interact with Mr. Bracco as it concerns the incident.   Mr. Bracco responded that he was very disappointed in the conduct of Plaintiff/Counterclaim Defendant, but could not discuss the incident with him at that time, and requested Plaintiff/Counterclaim Defendant to return to the restaurant at approximately 6:00 p.m. that night to discuss the incident with both himself and his brothers (Jonathan and Robert Bracco) at that time.

17.     Plaintiff/Counterclaim Defendant never showed up at the restaurant on this July 27th date, and never appeared for work at any time thereafter.

18.     Upon a review of its books and records for all orders placed with the Fulton Fish Market, it appears as though the amount of "double billing" of Plaintiff/Counterclaim Defendant of fish products equates to approximately $100,000.00.

19.     The review of the extent of the double billing is still ongoing.

20.     At some point in August of 2017, Defendants/Counterclaim Plaintiffs contacted the Nassau County Detective's Bureau in an effort to bring criminal action against Plaintiff/Counterclaim Defendant for his theft/conversion of the Defendants/Counterclaim

Plaintiff's products.  A criminal investigation is also ongoing with Detectives in the Bronx (where the theft originated) at the request of the Nassau County Detectives.  Upon information and belief, this is an open and ongoing investigation by both the Bronx and Nassau County into these allegations.

21.     Upon information and belief, Plaintiff/Counterclaim Defendant would, on his trip back from the Fulton Fish Market, sell the excess/double purchase that he picked up at the Fulton Fish Market to other restaurants and/or individuals prior to and after his return to Defendants/Counterclaim Plaintiff's place of business.  Plaintiff/Counterclaim Defendant would retain the proceeds from such sales for his own personal benefit.

22.     Plaintiff/Counterclaim Defendant never advised any member of management nor the owners of Defendants/Counterclaim Plaintiffs of his efforts and profits in the stealing of the product that he was transporting from the Fulton Fish Market.

**FIRST CAUSE OF ACTION**
**(THEFT OF PRODUCT)**

23.     Defendants/Counterclaim Plaintiff's repeat and reallege each and every allegation in the preceding paragraphs 1 through 22 as if more fully set forth herein.

24.     By doubling the orders of Defendants/Counterclaim Plaintiffs upon his arrival at the Fulton Fish Market, and thereafter selling the product to other restaurants/individuals prior to his return to the Defendants/Counterclaim Plaintiff's place of business, Plaintiff/Counterclaim Defendant engaged in the theft of Defendants/Counterclaim Plaintiff's products in an amount to be determined prior to trial.

25.     These acts and practices caused or are likely to cause substantial financial injury to Defendants/Counterclaim Plaintiffs.

26.     Due to Plaintiffs/Counterclaim Defendant's theft, Defendants/Counterclaim Plaintiffs are entitled to recover from Plaintiff/Counterclaim Defendant the excess cost stemming from all of the double billing, plus any lost profit, liquidated damages, reasonable attorneys' fees, and costs of this action, plus any pre-judgment and post-judgment interest.

### SECOND CAUSE OF ACTION
### (CONVERSION)

27.     Defendants/Counterclaim Plaintiff's repeat and reallege each and every allegation in the preceding paragraphs 1 through 26 as if more fully set forth herein.

28.     By doubling the orders of Defendants/Counterclaim Plaintiffs upon his arrival at the Fulton Fish Market, and thereafter selling the product to other restaurants/individuals prior to his return to the Defendants/Counterclaim Plaintiff's place of business, Plaintiff/Counterclaim Defendant engaged in the conversion of Defendants/Counterclaim Plaintiff's products in an amount to be determined prior to trial.

29.     These acts and practices caused or are likely to cause substantial financial injury to Defendants/Counterclaim Plaintiffs.

30.     Due to Plaintiffs/Counterclaim Defendant's conversion, Defendants/Counterclaim Plaintiffs are entitled to recover from Plaintiff/Counterclaim Defendant the excess cost stemming from all of the double billing, plus any lost profit, liquidated damages, reasonable attorneys' fees, and costs of this action, plus any pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (FRAUD)

31.     Defendants/Counterclaim Plaintiff's repeat and reallege each and every allegation in the preceding paragraphs 1 through 30 as if more fully set forth herein.

32.      By the acts described above, Plaintiff/Counterclaim Defendant knowingly lied to his employer by doubling the amount of the orders and selling these goods to other restaurants/individuals prior to his return to Defendants/Counterclaim Plaintiff's place of business, Defendants/Counterclaim Plaintiffs reasonably relied on the fact that Plaintiff/Counterclaim Defendant was only picking up the orders that were placed by Defendants/Counterclaim Plaintiffs and that he would not double order upon his arrival at the Fulton Fish Market, and Defendants/Counterclaim Plaintiffs suffered harm due to these representations.

33.      Defendants/Counterclaim Plaintiffs believed that Plaintiff/Counterclaim Defendant was a trustworthy employee when he clearly was not.

34.      Due to the Plaintiff's/Counterclaim Plaintiff's fraud, by doubling the orders of Defendants/Counterclaim Plaintiffs upon his arrival at the Fulton Fish Market, and thereafter selling the product to other restaurants/individuals prior to his return to the Defendants/Counterclaim Plaintiff's place of business, Plaintiff/Counterclaim Defendant engaged in the theft of Defendants/Counterclaim Plaintiff's products in an amount to be determined prior to trial.

35.      These acts and practices caused or are likely to cause substantial financial injury to Defendants/Counterclaim Plaintiffs.

36.      Due to Plaintiffs/Counterclaim Defendant's fraud, Defendants/Counterclaim Plaintiffs are entitled to recover from Plaintiff/Counterclaim Defendant the excess cost stemming from all of the double billing, plus any lost profit, liquidated damages, reasonable attorneys' fees, and costs of this action, plus any pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**(EMBEZZLEMENT)**

37.     Defendants/Counterclaim Plaintiff's repeat and reallege each and every allegation in the preceding paragraphs 1 through 36 as if more fully set forth herein.

38.     Based on his years of working for Defendants/Counterclaim Plaintiffs, they placed a level of trust in Plaintiff/Counterclaim Defendant with the responsibility of picking up and delivering all orders that were placed the day before by Defendants/Counterclaim Plaintiffs at the Fulton Fish Market.

39.     By stealing the assets/product of Defendants/Counterclaim Plaintiffs, Plaintiff/Counterclaim Defendant violated that trust.

40.     The theft/larceny of the assets and property of Defendants/Counterclaim Plaintiffs based on this position of trust and responsibility over those same assets by Plaintiff/Counterclaim Defendant constitutes an embezzlement by Plaintiff/Counterclaim Defendant of Defendants/Counterclaim Plaintiff.

41.     Due to Plaintiffs/Counterclaim Defendant's embezzlement, Defendants/Counterclaim Plaintiffs are entitled to recover from Plaintiff/Counterclaim Defendant the excess cost stemming from all of the double billing, plus any lost profit, liquidated damages, reasonable attorneys' fees, and costs of this action, plus any pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants/Counterclaim Plaintiffs prays for judgment against Plaintiff/Counterclaim Defendant from this Court as follows:

1.     Plaintiff/Counterclaim Defendant not be awarded any recovery by this action;

2.      That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff/Counterclaim Defendant and in favor of Defendants/Counterclaim Plaintiff on each cause of action in said Complaint.

3.      For an award of damages arising from Plaintiffs/Counterclaim Defendant's breaches based on his theft, fraud and embezzlement as a result of his double billing the account of Defendants/Counterclaim Plaintiffs at the Fulton Fish Market, plus all actual damages, compensatory damages, lost profits, statutory damages based on Plaintiffs/Counterclaim Defendant's fraud.

4.      That Defendants/Counterclaim Plaintiff be awarded its attorneys' fees and costs of suit, pre-judgment and post-judgment interest, exemplary and punitive damages to the extent available, to the extent permitted under applicable law; and

5.      Such other and further relief as the Court deems appropriate and proper.

## DEMAND FOR JURY TRIAL

Defendants/Counterclaim Plaintiffs demand a trial by jury on all issues properly tried to a jury.

## DESIGNATION OF TRIAL COUNSEL

Steven B. Horowitz, Esq. is hereby designated as trial counsel in this matter.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or arbitration proceeding to the best of our knowledge or belief, other than the criminal charges as stated above.  Also, to the best of our knowledge or belief, no other action or arbitration proceeding is contemplated.  Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above

captioned matter.  In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

Dated:  December 22, 2017

Respectfully submitted:

*s/Steven B. Horowitz*

Steven B. Horowitz, Esquire
HOROWITZ LAW GROUP, LLC
49 Route 202, PO Box 13
Far Hills, New Jersey 07931
(973) 789-8300 (Telephone)
(973) 789-8345 (Facsimile)
Attorney for Defendants